## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nelson Medina,<br>1029 South Harvard Blvd., #5<br>Los Angeles, CA 90006<br><br>                     Plaintiff,<br><br>        v.<br><br>National Labor Relations Board,<br>Lauren McFerran, in her official<br>capacity as Chairwoman of the National<br>Labor Relations Board, Marvin Kaplan,<br>Gwynne Wilcox, and David Prouty, in<br>their official capacities as Board<br>Members of the National Labor<br>Relations Board, and John Doe, in his<br>official capacity as an Administrative<br>Law Judge of the National Labor<br>Relations Board,<br>1015 Half Street SE<br>Washington, D.C. 20570<br><br>                     Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR<br>DECLARATORY AND<br>PRELIMINARY INJUNCTIVE<br>RELIEF |

## INTRODUCTION

1. The Supreme Court found in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020) and *Collins v. Yellen*, 141 S. Ct. 1761 (2021) that under Article II of the Constitution, the President must be able to remove federal officials who exercise substantial executive power. S*ee also Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010).

2. The structure of the National Labor Relations Board (NLRB or Board) does not comply with this constitutional mandate.

3. Article II, Section 1 of the Constitution vests in the President all executive power, which includes the power to appoint, supervise, and remove federal officers

who exercise executive power.

4. The five-member NLRB exercises substantial executive power because it issues binding rules, adjudicates unfair labor practices and representation disputes, issues subpoenas, and seeks preliminary injunctions in federal court to halt unfair labor practices.

5. The National Labor Relations Act (NLRA or Act) limits the President's ability to remove Board members to "neglect of duty or malfeasance in office" and prohibits removal for any other reason. 29 U.S.C. § 153(a). These restrictions are impermissible limitations on the President's ability to remove Board members and violate the Constitution's separation of powers. Thus, the Board's structure is unconstitutional.

6. A similar argument applies to the NLRB's administrative law judges. NLRB ALJs are executive officers with substantial authority over agency enforcement actions. NLRB ALJs are protected by three layers of removal protection. First the NLRB may only fire an ALJ for good cause, as determined by the Merit System Protection Board's (MSPB). The MSPB members are themselves protected by for-cause removal, which also insulates them from Presidential control. *See* 5 U.S.C §§1202(d); 7521(a); 29 U.S.C. § 153(a). These three layers of protection are unconstitutional. *See Jarkesy v. SEC*, 34 F.4th 446, 463 (5th Cir. 2022).

7. When a party must appear before an official who is shielded by an unconstitutional removal protection they are "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which they are subject will be

enforced only by a constitutional agency accountable to the Executive." *Free Enterprise Fund*, 561 U.S. at 513.

8. On December 29, 2023 Plaintiff Nelson Medina filed an unfair labor practice charge with NLRB Region 21 alleging Teamsters Local 848 committed an unfair labor practice against him. (Ex. A).

9. On February 9, 2024, NLRB Regional Director William Cowen issued a Complaint and Notice of Hearing alleging Teamsters Local 848 violated the Act when it threatened Medina with a fine and termination for the failure to pay dues and fees to the union without giving him the protections required by the Board necessary to make such a demand. (Ex. B).

10. A hearing before an ALJ is currently set to open on October 16, 2024. Medina is entitled to have a constitutionally accountable ALJ and Board, properly accountable to the president, adjudicate his case and rule on his unfair labor practice charge. Medina asks this Court to declare that the Board's structure violates Article II of the Constitution. (Ex. B).

11. Medina requests this Court preliminarily enjoin the ALJ and NLRB from acting on his unfair labor practice case until the constitutional infirmities in the Board's structure have been resolved. Medina seeks to vindicate his statutory rights through the Board's processes, but wants to ensure his rights are upheld in a constitutionally valid proceeding. The concrete harm alleged by Medina is having his unfair labor practice charge and his statutory rights adjudicated in an unconstitutional proceeding. The only way to ensure that process comports with the

3

Constitution is to pause that process until he is able to secure a declaration that the Board and ALJ's removal protections are unconstitutional.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this case under Article III of the United States Constitution and 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution. *See Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 903–06 (2023) (holding alternative review scheme does not divest a district court of jurisdiction over a constitutional challenge to an agency's structure); *Free Enterprise Fund*, 561 U.S. at 491 n.2; *Seila Law*, 140 S. Ct. at 2196.

13. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because the five-member Board is headquartered in this district, the NLRB's division of judges is headquartered in this district, and a substantial part of the events or omissions giving rise to the claim are occurring in this district.

## PARTIES

14. Plaintiff Nelson Medina is employed by Savage Services Corporation in Wilmington, California and is the Charging Party in *Teamsters Local 848 (Savage Services Corporation)*, NLRB Case No. 21-CB-332712.

15. Defendant National Labor Relations Board is an agency of the United States.

16. Defendant Lauren McFerran is Chairwoman of the NLRB. She is sued in her official capacity.

17. Defendant Marvin Kaplan is a Member of the NLRB. He is sued in his

official capacity.

18. Defendant Gwynne Wilcox is a Member of the NLRB. She is sued in her official capacity.

19. Defendant David Prouty is a Member of the NLRB. He is sued in his official capacity.

20. Defendant John Doe is an Administrative Law Judge of the NLRB assigned to the proceedings in Case No. 21-CB-332712, whose identity has not yet been disclosed to Medina. He is sued in his official capacity.

## FACTS

21. Plaintiff Nelson Medina is an employee at Savage Services Corporation in Wilmington, California.

22. On December 29, 2023 Medina filed an unfair labor practice charge with NLRB Region 21 alleging Teamsters Local 848 committed an unfair labor practice against him. (Ex. A).

23. On February 9, 2024, NLRB Regional Director William Cowen issued a Complaint and Notice of Hearing alleging Teamsters Local 848 violated the Act when it threatened Medina with a fine and termination for the failure to pay dues and fees to the union without giving him the required protections required by the Board. (Ex. B).

24. The NLRB's Complaint and Notice of Hearing sets a hearing date of October 16, 2024. The hearing will be conducted at NLRB Region 21's office in Los Angeles before a yet-to-be-named ALJ.

## LEGAL BACKGROUND

### I.     The Removal Power

25. Article II gives the President "the general administrative control of those executing the laws," which includes the "power of removing those for whom he cannot continue to be responsible." *Myers v. United States*, 272 U.S. 52, 117, 164 (1926).

26. The Supreme Court recognizes this removal power is impermissibly restrained by statutes that limit the President's ability to remove an executive official, either by restricting who can remove, or limiting the rationale for removal. *See Free Enterprise Fund*, 561 U.S. at 495; *Seila Law*, 140 S. Ct. at 2192; *Collins*, 141 S. Ct. at 1783–84.

27. The Supreme Court found two narrow exceptions to this rule of plenary removal power. First, in *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), the Court upheld a statute that prohibited the removal of Federal Trade Commission Commissioners except for "inefficiency, neglect of duty, or malfeasance in office," *id.* at 619–20 (quoting 15 U.S.C. § 41). It did so because it believed the Federal Trade Commission Commissioners exercised only quasi-legislative and quasi-judicial authority, and did not exercise any "executive power in the constitutional sense." *Id.* at 628.

28. Second, *Morrison v. Olson*, 487 U.S. 654 (1988), and *United States v. Perkins*, 116 U.S. 483 (1886), recognized an exception for "inferior officers with limited duties and no policymaking or administrative authority." *Seila Law*, 140 S. Ct. at 2200.

29. But even if Congress may shield some inferior officers from removal, it may not do so through multiple layers of protection. In *Free Enterprise Fund*, the Court invalidated a for-cause removal restriction that Congress placed on the members of the Public Company Accounting Oversight Board. 561 U.S. at 495–96. Those officers could be removed only for cause by officers of the Securities and Exchange Commission, who in turn could be removed only for cause by the President. The Court held that these removal restrictions "subvert[ed] the President's ability to ensure that the laws are faithfully executed" and were thus "incompatible with the Constitution's separation of powers." *Id.* at 498.

30. In *Seila Law*, the Court reaffirmed the fundamental separation of powers principle that the President must be free to remove executive officers at will, with only "two exceptions—one for multimember expert agencies that do not wield substantial executive power, and one for inferior officers with limited duties and no policymaking or administrative authority." *Seila Law*, 140 S. Ct. at 2199–2200.

## II.   The National Labor Relations Board

31. The NLRB is a federal regulatory agency whose authority has been delegated by Congress through the NLRA.

32. The NLRB consists of no more than five Board members ("Board Members") who are appointed to staggered, five-year terms by the President, with the advice and consent of the Senate. 29 U.S.C. § 153(a). Under NLRA Section 3, Board Members are removable by the President only "upon notice and hearing" for "neglect of duty or malfeasance in office, but no other cause." *Id.*

33. The Board exercises substantial executive authority though its prosecutorial, rulemaking, policymaking, and adjudicatory authority.

34. The Board has the executive power to appoint the "executive secretary, and such attorneys, examiners, and regional directors, and other such employees as it may . . . find necessary for the proper performance of its duties." 29 U.S.C. § 154; *see also* U.S. Const. art. II. § 2, cl. 2 ("Congress may by Law vest the Appointment of such inferior Officers, as they think proper, . . . in the Heads of Departments."). Through this authority, the Board appoints Regional Directors, who oversee the NLRB's twenty-six regional offices and its ALJs, who oversee adjudications.

35. The Board has the executive power to "prevent any person from engaging in any unfair labor practice . . . affecting commerce," which entails authority to conduct administrative adjudications and extract consequential remedies from employers and unions. 29 U.S.C. § 160.

36. The Board has the executive power to issue subpoenas. 29 U.S.C. § 156; 29 CFR § 102.31.

37. The Board has the executive power to engage in rulemaking. 29 U.S.C. § 156.

38. The Board has the executive power to conduct union representation elections and adjudicate election disputes. 29 U.S.C. § 159.

39. The Board appoints administrative law judges (ALJs) to oversee unfair labor practice adjudications. NLRB ALJs are "Officers of the United States" under the Appointments Clause because they hold continuing offices and preside over

adversarial hearings, receive testimony, shape the administrative record, and issue proposed findings of fact and conclusions of law in their opinions. *Lucia v. SEC*, 138 S. Ct. 2044, 2053–55 (2018); *Jarkesy*, 34 F.4th at 464; *Westrock Services*, 366 NLRB No. 157, slip op. at 1 (Aug. 6, 2018).

40. NLRB ALJs may be removed only "for good cause established and determined by the MSPB after opportunity for hearing before the [MSPB]." 5 U.S.C. § 7521(a). Members of the MSPB are removable only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

## III. The Board's Unfair Labor Practice Powers

41. Section 7 of the NLRA grants employees the "right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing . . . and to engage in other concerted activities for the purpose of . . . mutual aid or protection, and shall also have the right to refrain from any or all such activities." 29 U.S.C. § 157.

42. To protect these rights, Congress declared it an "unfair labor practice" for an employer to "interfere with, restrain, or coerce" employees' Section 7 rights. 29 U.S.C. § 158(a)(1). Similarly, Congress declared it an "unfair labor practice" for a labor organization to "restrain or coerce" employees' Section 7 rights. 29 U.S.C. § 158(b)(1)(A).

43. Section 8 of the NLRA prohibits employer unfair labor practices. These include: dominating or interfering with the formation of a labor union or contributing financial support to a labor union, 29 U.S.C. § 158(a)(2); discriminating in "hire or

tenure of employment" either "to encourage or discourage membership in any labor organization," 29 U.S.C. § 158(a)(3); discharging or discriminating against an employee because he has filed charges or given testimony to the NLRB, 29 U.S.C. § 158(a)(4); and refusing to bargain with a union, 29 U.S.C. § 158(a)(5).

44. Section 8 also prohibits union unfair labor practices, including, but not limited to: causing or attempting to cause an employee to be discriminated against for reasons other than failing to pay dues required as a condition of employment, 29 U.S.C. § 158(b)(2); to refuse to bargain with an employer, 29 U.S.C. § 158(b)(3); to engage in a secondary boycott, 29 U.S.C. § 158(b)(4); and to engage in recognitional picketing, 29 U.S.C. § 158(b)(7).

45. Congress has empowered the Board to "prevent any person from engaging in any unfair labor practice." 29 U.S.C. § 160(a).

46. The Board does not have independent authority to initiate an unfair labor practice charge. Instead, a charge must be filed by any member of the public, although charges are generally filed by an aggrieved employee, employer, or labor organization. 29 U.S.C. § 160(b). The charge must be investigated and prosecuted by the Board's General Counsel, through Board-appointed Regional Directors.

47. The General Counsel is appointed by the President with the advice and consent of the Senate, for a term of four years. 29 U.S.C. § 153(d). Unlike the Board or its ALJs, the General Counsel is politically accountable to the President and can be removed at-will. The General Counsel has "final authority, on behalf of the Board" regarding the investigation of charges and the issuance of complaints. *Id.*

48. Once a charge is filed, it is investigated by the General Counsel, through the Board-appointed Regional Directors. If the General Counsel finds merit to the charge, she will issue a complaint or try to arrange a settlement. The General Counsel will dismiss meritless charges.

49. A complaint issued by the General Counsel states the alleged facts and violations of law and sets a date of hearing.

50. The complaint is assigned to an administrative law judge to hold hearings, take witness testimony and make findings on whether an unfair labor practice occurred. 29 U.S.C. § 160(c).

51. After a hearing opens, the General Counsel loses her final authority to unilaterally dismiss or settle a complaint. *Robinson Freight Lines*, 117 NLRB 1483, 1485 (1957) ("the Board alone is vested with lawful discretion to determine whether a proceeding, when once instituted, may be abandoned."); *NLRB v. UFCW Local 23*, 484 U.S. 112, 121 (1987) ("Once the hearing on the complaint begins, the Board's regulations do not permit the General Counsel to enter into an unreviewable settlement agreement").

52. During the hearing, the Board may supervise an ALJ's actions in conducting the hearing, including hearing appeals by special permission.

53. After a hearing closes, the administrative law judge will then issue a recommended order for the Board. *Id.*

54. If the administrative law judge finds that an unfair labor practice has occurred, he will issue "findings of fact" and a recommended "order requiring such

person to cease and desist from such unfair labor practice." 29 U.S.C. § 160(c).

55. If the parties do not contest the administrative law judge's order, it becomes a final order of the Board. If the parties contest the order, they do so by filing exceptions to the order with the Board.

56. The Board's final order can contain more than a cease-and-desist order. It can require parties to take affirmative action to remedy unfair labor practices, "including reinstatement of employees with or without back pay." 29 U.S.C. § 160(c).

57. The Supreme Court has held that the Board's authority to issue a remedy is "a broad discretionary one." *NLRB v. J.H. Rutter-Rex Manufacturing*, 396 U.S. 258, 262–63 (1969) (citation omitted). As part of its discretion to issue "make whole" remedies, the Board has ruled that it may order compensation not only for back pay, but for "any other direct or foreseeable pecuniary harms suffered." *Thryv, Inc.*, 372 NLRB No. 22, slip op. at 14 (Dec. 13, 2022). These remedies include payments for "medical bills" "interest and late fees on credit cards," "increased transportation or childcare costs," *id.* slip op. at 8–9; and expenses for a failure to bargain, including lost wages to employees who attended bargaining sessions, *Noah's Ark Processors*, 372 NLRB No. 80, slip op. at 3 (Apr. 20, 2023). The Board may also order a respondent to post or mail a notice or explanation of rights. An agent of the respondent may need to either read the notice or explanation at a meeting of employees, or have it read by a Board agent in their presence. *Conair Corp. v. NLRB*, 721, F.2d 1355, 1386–87 (D.C. Cir. 1983).

58. The Board also has the power, any time after the issuance of a complaint,

to seek a preliminary injunction in federal court to restrain alleged unfair labor practices. 29 U.S.C. § 160(j).

## COUNT I – BOARD MEMBERS ARE UNCONSTITUTIONALLY INSULATED FROM REMOVAL

59. Article II of the Constitution provides that "[t]he executive Power shall be vested in [the] President," U.S. Const. art. II, § 1, cl. 1, and that he must "take Care that the Laws be faithfully executed," *id.* art. II § 3. "In our constitutional system, the executive power belongs to the President and that power generally includes the ability to supervise and remove the agents who wield executive power in his stead." *Seila Law*, 140 S. Ct. at 2211.

60. This removal power cannot be restricted by Congress, except in two narrow instances: (1) multimember agencies that do not wield executive power; and (2) certain inferior officers. *Seila Law*, 140 S. Ct. at 2199–2200.

61. The Board and its Members do not fall under either exception to the President's removal power.

62. Board Members are principal officers wielding substantial executive power. This includes the power to promulgate binding rules, to enforce the law through adjudicating unfair labor practice disputes and issuing remedies, to issue subpoenas, and to enforce the law through adjudicating representation proceedings.

63. *Humphrey's Executor* does not compel a different result. The narrow exception for quasi-legislative agencies that do not wield substantial executive power does not apply to the NLRB given the substantial executive authority it exercises. Should *Humphrey's Executor* apply, it must be overruled.

64. NLRA Section 3 violates the separation of powers because it limits the President's ability to remove Board Members to instances of "neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153(a).

65. The "structural principles secured by the separation of powers protect the individual," *Bond v. United States*, 564 U.S. 211, 222 (2011), and are "critical to preserving liberty," *Free Enterprise Fund*, 561 U.S. at 501; *see Collins*, 141 S. Ct. at 1780. As a result, the Supreme Court "ha[s] long permitted private parties aggrieved by an official's exercise of executive power to challenge the official's authority to wield that power while insulated from removal by the President." *Seila Law*, 140 S. Ct. at 2196; *see Collins v. Yellen*, 141 S. Ct. 1761, 1780 (2021) ("whenever a separation-of-powers violation occurs, any aggrieved party with standing may file a constitutional challenge.").

66. Structural separation-of-powers violations inflict here-and-now injuries. *Axon*, 143 S. Ct. at 903; *Seila Law*, 140 S. Ct. at 2196 (parties alleging injury resulting from appearing before an unconstitutionally structured agency have standing to challenge removal restrictions because "when such a provision violates the separation of powers it inflicts a 'here-and-now' injury . . . that can be remedied by a court") (quoting *Bowsher v. Synar*, 478 U.S. 714, 727 n.5 (1986)).

67. Separation of powers injuries can be remedied by this Court through "declaratory relief sufficient to ensure that the . . . requirements and . . . standards to which they are subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513; *see also Seila Law*, 140 S. Ct.

at 2196; *Collins*, 141 S. Ct. at 1779; *see also Collins v. Mnuchin*, 938 F.3d 553 (5th Cir. 2019) (en banc) (approving of "prospective relief" in the form of a "declaration" that a removal restriction is unconstitutional).

68. The Board's unconstitutional structure has inflicted and continues to inflict injury on Medina, a litigant in an on-going Board proceeding. Medina has a constitutional right to have his case adjudicated and decided by a constitutionally structured agency.

69. Without interim injunctive relief from this Court, Medina will have to vindicate his rights before an ALJ and ultimately Board Members insufficiently accountable to the President.

70. Medina bears a strong likelihood of success on this claim for the reasons described above.

71. Furthermore, if Board Members rule on any aspect of Medina's unfair labor practice charge, the constitutional harm of appearing before an unconstitutionally structured agency will be irremediable because "that injury is impossible to remedy once the proceeding is over." *Axon*, 143 S. Ct. at 903. Moreover, there is currently no post-litigation remedy because the Supreme Court has stated those appearing before improperly insulated government officials often have no automatic right to vacate those decisions. *Collins*, 141 S. Ct. at 1787–89. Unless the NLRB is enjoined from acting on any aspect of Medina's unfair labor practice case before the end of this lawsuit, Medina will be irreparably harmed because he cannot ensure he is entitled to a constitutional proceeding to vindicate his rights after the fact.

72. Medina does not seek to void any past decision of the Board—nor could he because it has not yet acted in his case. Rather, he seeks a declaration *before* the Board rules or otherwise acts on his unfair labor practice case. Medina is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [he is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enterprise Fund*, 561 U.S. at 513.

73. The harm to Medina is not outweighed by any countervailing harm or inconvenience to the NLRB, and in any event the balance of equities and public interest factors merge when the Defendant is the government. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

74. Injunctive and declaratory relief will serve the public interest, because "there is a substantial interest in having governmental agencies abide by the federal laws that govern their existence and operations." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).

75. Without proper relief, Medina is being required to adjudicate his case before an unconstitutionally structured agency that is insufficiently accountable to the President. Medina's injuries are traceable to the Board's structure because he is forced to appear before the Board to obtain relief in his unfair labor practice charge.

## COUNT II – THE NLRB'S ALJs ARE UNCONSTITUTIONALLY INSULATED FROM REMOVAL

76. NLRB ALJs are inferior officers who exercise executive power. *Westrock Services, Inc.*, 366 NLRB No. 157, slip op. at *1 (Aug. 6, 2018) ("Board judges, like SEC judges, are inferior officers").

16

77. Inferior officers "are sufficiently important to executing the laws that the Constitution requires that the President be able to exercise authority over their functions." *Jarkesy v. SEC*, 34 F.4th 446, 464 (5th Cir. 2022).

78. The tenure protections for the NLRB's ALJs violate the constitution's separation of powers because ALJs are protected by more than one layer of for cause removal. The NLRB may only attempt to remove an ALJ for good cause established by the MSPB. Both NLRB and MSPB Members are protected by for cause removal. *See* 29 U.S.C. § 153(a); 5 U.S.C. § 1202(d).

79. "If principal officers cannot intervene in their inferior officers' actions except in rare cases, the President lacks the control necessary to ensure that the laws are faithfully executed." *Jarkesy*, 34 F.4th at 464.

80. At least two layers of removal protection prevent the exercise of Presidential authority over NLRB ALJs in violation of Article II. *Free Enterprise Fund*, 561 U.S. at 492.

81. Subjecting Medina to unconstitutional agency authority is a here and now injury traceable to the structure of the NLRB. *Axon*, 143 S. Ct. at 903; *Seila Law*, 140 S. Ct. at 2196 (holding that parties alleging injury resulting from appearing before an unconstitutionally structured agency have standing to challenge removal restrictions because "when such a provision violates the separation of powers it inflicts a 'here-and-now' injury . . . that can be remedied by a court") (quoting *Bowsher v. Synar*, 478 U.S. 714, 727 n.5 (1986)).

82. Medina is entitled to "declaratory relief sufficient to ensure that the

[administrative] standards to which [he is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enterprise Fund*, 561 U.S. at 513; *see also Seila Law*, 140 S. Ct. at 2196.

83. Without interim injunctive relief, Medina will have to have his case heard by an unconstitutionally unaccountable ALJ.

84. Medina has a strong likelihood of success on this claim for the reasons described above.

85. Furthermore, because Medina's unfair labor practice charge is being heard before an unaccountable ALJ, the constitutional harm will be irremediable because "that injury is impossible to remedy once the proceeding is over." *Axon*, 143 S. Ct. at 903. The Supreme Court has stated those appearing before improperly insulated government officials often have no automatic right to void those decisions after the fact. *Collins*, 141 S. Ct. at 1787–89. Unless the ALJ hearing is enjoined before the end of this lawsuit, Medina will be irreparably harmed given there is no after-the-fact remedy.

86. The harm to Medina of appearing before an unconstitutional ALJ outweighs any harm or inconvenience to the NLRB if such relief is granted. Rather, injunctive and declaratory relief will serve the public interest by protecting the constitutional rights of all Americans.

## REQUEST FOR RELIEF

Plaintiff request that this Court:

A.     Declare the removal restrictions for Board Members in 29 U.S.C.

§ 153(a) violate Article II of the Constitution;

B.    Declare that the removal restrictions for NLRB ALJs in 5 U.S.C. § 7521(a) violate Article II of the Constitution;

C.    Preliminary enjoin the Defendants from conducting an unconstitutionally structured administrative proceeding pending final resolution of this action;

D.    Any other relief this Court deems just and proper.

Respectfully submitted,

August 19, 2024

Glenn M. Taubman
D.C. Bar No. 384079
Bernard Zamaninia
(D.C. Bar No. 90005775)
Aaron Solem (*pro hac to be filed*)
MN Bar No. 0392920
VA Bar No. 100116
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
(703) 321-8510 (phone)
(703) 321-9319 (fax)
gmt@nrtw.org
bz@nrtw.org
abs@nrtw.org

*Attorneys for Plaintiff Nelson Medina*